[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15905
_____

D.C. Docket No. 3:13-cv-00613-MCR-EMT

REBECCA K. YARBROUGH,
As personal representative of the estate of
Brady Kent Stevenson, deceased,

Plaintiff - Appellee,
Cross Appellant,

versus

DAVID MORGAN,
In his official capacity as sheriff of
Escambia County, Florida, et al.,

Defendant – Appellee,

IRIS TATOM,
ARNP in her Individual capacity,
BRANDI CLOUSER,
RN in her individual capacity,
ALECIA K. CRAFT,

RN in her individual capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 30, 2017)

Before WILSON and NEWSOM, Circuit Judges, and WOOD,[*] District Judge.

PER CURIAM:

Defendants/Appellants Iris Tatom, Brandi Clouser, and Alecia Craft appeal the district court's denial of their motion for summary judgment on qualified immunity grounds. "[W]e lack interlocutory appellate jurisdiction over the denial of summary judgment on qualified immunity grounds where the sole issues on appeal are issues of evidentiary sufficiency." *Cottrell v. Caldwell*, 85 F.3d 1480, 1485 (11th Cir. 1996). Here, the district court's denial of qualified immunity was based on its "find[ing] that there is a genuine issue of material fact regarding whether Tatom, Clouser, and Craft were deliberately indifferent to [the prisoner's] serious medical need." And the only issue raised by the defendants in their appellate brief is "[w]hether there was sufficient evidence to support a permissible inference as a matter of law that any of [the defendants] were deliberately

_____

[*] Honorable Lisa Godbey Wood, United States District Judge for the Southern District of Georgia, sitting by designation.

2

indifferent to a known medical need." Br. of Appellants at 2 ("Statement of the Issue"); *see also id*. at iii ("The appeal presents a factually complex question concerning whether there was evidence sufficient to defeat summary judgment …. The issue which arises is whether there was sufficient evidence of the subjective intent of the [defendants] to support an inference that any of … them was deliberately indifferent to a known serious medical need.").

Because the "sole issues on appeal are issues of evidentiary sufficiency," *Cottrell*, 85 F.3d at 1485, we lack interlocutory appellate jurisdiction.

**DISMISSED.**